IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUNIL OTTO KHERA

 Plaintiff,

v.               Civ. No. 25-974 JB/GBW

WESTERN NEW MEXICO
UNIVERSITY, *et al.*,

 Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Western New Mexico University's

Motion to Dismiss Pursuant to FRCP Rule 12(B)(1) (*doc. 16*), Plaintiff's Motion for Leave

to File First Amended Complaint (*doc. 30*), and pursuant to the Order of Reference (*doc.

24*).  For the reasons explained below, I RECOMMEND that Plaintiff's Motion for Leave

to File First Amended Complaint be GRANTED IN PART and DENIED IN PART, and

Defendant's Motion to Dismiss be DENIED as MOOT.

### I. BACKGROUND

Plaintiff filed suit in this Court on October 6, 2025, bringing claims for retaliation

under Title VII, breach of contract and implied covenant of good faith, and wage/pay

discrimination against Western New Mexico University ("WNMU"), Joseph Shepard,

and Magdaleno Manzanares.[1]  *Doc. 1*.  Plaintiff filed an amended complaint on October 22, 2025.  *Doc. 5*.  This amended complaint contained slightly different facts, while still maintaining the core argument, and alleged that Plaintiff had been subject to a hostile work environment and post-employment retaliation.  *Id*.

On January 20, 2026, Defendant WNMU filed its Motion to Dismiss Pursuant to FRCP Rule 12(B)(1).  *Doc. 16*.  In it, Defendant WNMU argued that the Court lacked subject matter jurisdiction because Plaintiff had failed to name the proper entity as defined by state law.  *Id*. at 2.  Plaintiff responded, contending that the naming issue was only a technical problem, not a substantive jurisdictional defect.  *Doc. 20*.  Accordingly, on March 13, 2026, the undersigned instructed Plaintiff to file a motion to amend, which Plaintiff did on March 30, 2026.  *Docs. 27, 30*.  Defendants responded on May 11, 2026, arguing that Plaintiff's proposed amended complaint failed to conform to the requisite pleading standard.  *Doc. 33* at 2-4.  Plaintiff filed a reply on May 12, 2026, asserting that he alleged sufficient facts to state a claim and requesting the Court give him leave to further clarify if necessary.  *Doc. 34*.

## II.    LEGAL STANDARD

A plaintiff may amend his pleading once within 21 days, after which he must request consent of the opposing party or leave from the Court.  Fed. R. Civ. P. 15(a).  "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the

---

[1] The correct spelling is "Manzanarez."  *Doc. 31*.

discretion of the trial court," *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), but courts must freely give leave when justice requires so as to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties," *Minter v. Prime Equip Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)); *see also* Fed. R. Civ. P. 15(a).

A court may deny leave to amend due to reasons such as undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendments previously allowed, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson Cty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).

Where, as here, a party is proceeding *pro se*, the Court must liberally construe his pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 110.

III.   ANALYSIS

Plaintiff's proposed amended complaint corrects the naming error raised by Defendants, *see doc. 16*, by naming the Board of Regents of Western New Mexico

3

University in the caption. *Doc. 30-1* at 1. Accordingly, as to the name change, the undersigned RECOMMENDS that Plaintiff's motion to amend, *doc. 30,* be GRANTED.

However, Plaintiff's proposed amended complaint does not contain the same claims for relief as his original amended complaint. Instead of alleging, *inter alia*, Title VII retaliation, breach of contract, and wage discrimination, *see doc. 5*, Plaintiff's proposed amended complaint alleges (1) First Amendment retaliation under 42 U.S.C. § 1983, (2) violations of due process afforded by the Fourteenth Amendment,[2] and (3) "Civil Rights Violation" under 42 U.S.C. § 1983. *Doc. 30-1* at 5. As to these proposed changes, the undersigned RECOMMENDS that Plaintiff's motion to amend be DENIED on the basis of futility.

As Defendants point out, Plaintiff's proposed amended complaint does not allege with sufficient specificity *who* did *what*. *Doc. 33* at 2-4. For example, regarding Plaintiff's third claim, Plaintiff only says in his proposed amended complaint that he "incorporates all prior paragraphs" and that "Defendants, acting under color of state law, deprived Plaintiff of constitutional rights." *Doc. 30-1* at ¶¶ 47-48. Plaintiff failed to inform the Defendants, and the Court, of which constitutional rights were allegedly violated. Accordingly, as amended, Count III fails to state a claim upon which relief can

---

[2] While the proposed amended complaint does not explicitly ground the due process violation in 42 U.S.C. § 1983, *see doc. 30-1* at 5, § 1983 is the proper statute under which to bring the claim. *See* 42 U.S.C. § 1983 ("Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…").

be granted and should therefore be denied on futility grounds.  *See Bradley*, 379 F.3d at 901 ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

Counts I and II do not fare much better.  While the counts at least identify the alleged constitutional violations, they still do not conform to the requisite pleading standards.

When bringing a § 1983 claim, a Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Schell v. Evans*, 550 F. App'x 553, 556 (10th Cir. 2013) (quoting *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007)).  In a complaint naming several individuals, a plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  "The complaint must also demonstrate personal involvement on the part of each individual."  *Schell*, 550 F. App'x at 557 (citing *Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir. 1996)).  A plaintiff must also allege that defendants "set in motion a series of events that caused the constitutional violation."  *Id.* (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 779 (10th Cit. 2013)).

With respect to Defendant Shepard, Plaintiff's proposed amended complaint alleges that he: held a senior leadership position at WNMU with "authority over institutional operations and grant-related employment matters," *doc. 30-1* at ¶ 5; approved or was aware of Plaintiff's salary and compensation structure, failed to ensure implementation of the approved salary, and "participated in or allowed the delay and reduction of Plaintiff's compensation," *id*. at ¶ 16; and did not acknowledge Plaintiff's contributions to the university, including securing major federal funding, *id.* at ¶¶ 33-34.  None of these facts plausibly show Defendant Shepard acted in violation of Plaintiff's First or Fourteenth Amendment rights, and there is no allegation that Defendant Shepard "set in motion a series of events" that caused the alleged constitutional violations.  *See Schell*, 550 F. App'x at 557.  Accordingly, as to Defendant Shepard, the proposed amended complaint fails to state a claim and is thus futile.  *See Bradley*, 379 F.3d at 901.

With respect to Defendant Manzanarez, Plaintiff's proposed amended complaint alleges that he: was Plaintiff's direct supervisor, *doc. 30-1* at ¶ 6; "engaged in a hostile interaction with Plaintiff" following Plaintiff's reporting concerns regarding grant responsibilities, *id.* at ¶ 21; "ordered Plaintiff to remain silent during a meeting," then said that he would "punch [Plaintiff] in the face with [his] fist," *id.* at ¶ 23; and spoke with Plaintiff about his reports regarding pay irregularities and workplace hostility, *id.* at ¶ 27.  Plaintiff also alleges that Defendant Manzanarez "and others" took adverse

actions including: (1) threatening Plaintiff; (2) imposing disciplinary measures; and (3) terminating Plaintiff's employment. *Id*. at ¶ 40.

While Defendant Manzanarez's actions arguably implicate Plaintiff's First Amendment rights, the proposed amended complaint does not explain how Defendant Manzanarez allegedly violated Plaintiff's due process rights and lacks required specificity regarding the First Amendment claim. The proposed amended complaint states that "Defendant Manzanares [*sic*] *and others*" took adverse actions against him for his "protected speech on matters of public concern" and therefore "Defendants violated Plaintiff's First Amendment rights." *Doc. 30-1* at 5. However, it is unclear who the "others" are, what "Defendants" besides Defendant Manzanarez were specifically alleged to have done, and what "protected speech" Plaintiff engaged in.[3] *Id*.

Plaintiff's allegations are similarly unclear with respect to Defendant Board of Regents of WNMU. Plaintiff alleges that: The Board of Regents of WNMU is responsible for governance and oversight, *id.* at ¶ 7; WNMU Business Affairs approved his $83,990 salary, *id*. at ¶ 9; "Defendants" failed to implement the approved salary, *id*. at ¶ 12; Plaintiff was involved with a dispute with Business Affairs regarding "reimbursement and grant administration," *id*. at ¶ 20; Business Affairs personnel

---

[3] Plaintiff alleges his protected activity included: (1) reporting financial irregularities and administrative misconduct; (2) reporting workplace hostility and threats; (3) requesting mediation and institutional review; (4) raising concerns regarding federally funded grant administration; and (5) requesting payment of salary approved under federal grant terms; he does not provide further elaboration or sufficient factual details about what happened. *See doc. 30-1* at 1-2.

denied Plaintiff assistance and were "hostile" to him during a grant submission process, *id*. at ¶ 26; "Defendants" failed to provide Plaintiff with a report, explanation, or opportunity to respond to the disciplinary action taken against him (a training he was forced to attend), *id*. at ¶ 30; and "Defendants" deprived Plaintiff of protected interests in employment.  *Id*. at ¶ 45.

As pled, the proposed amended complaint does not "make clear exactly *who* is alleged to have done *what* to *whom*" nor does it "provide each individual with fair notice as to the basis of the claims against him."  *Robbins*, 519 F.3d at 1250.  Accordingly, the undersigned finds that the proposed amended complaint would be subject to dismissal and that the changes to Plaintiff's claims should be denied on the grounds of futility.

## IV.    CONCLUSION

For the reasons explained above, the undersigned RECOMMENDS the following:

1.  Plaintiff's Motion for Leave to File First Amended Complaint (*doc. 30*) be GRANTED with respect to changing the name of Western New Mexico University to The Board of Regents of Western New Mexico University;

2.  The other changes contained in Plaintiff's proposed amended complaint (*doc. 30-1*) be DENIED without prejudice as futile;

3. Defendant Western New Mexico University's Motion to Dismiss Pursuant to FRCP Rule 12(B)(1) (*doc. 16*) be DENIED as MOOT;

4. Defendant Western New Mexico University be ordered to file a responsive pleading to the Amended Complaint (*doc. 5*) with the name change within twenty-one (21) days of any order adopting this recommendation.

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**